[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PROTECTIVE ORDER
In response to the defendant-Raychem Corporation's motion for CT Page 9141 a protective order, dated June 22, 1992, in which it facially represents that discovery in this matter will implicate disclosure of its trade secrets and other confidential/proprietary information and processes not available to the public, the court sets forth the following protective order.
1. There is established by the court a zone of confidentiality into which any party to this litigation may place any such non-public information or document produced in response to discovery requests. The zone is for the protection of information which the party seeking the protection of this order claims to be a trade secret or other confidential research, development or commercial information not publicly available.
2. The party seeking the protection for such disclosed information must clearly mark such material "CONFIDENTIAL" and the material or disclosed information by such marking must indicate the entirety of the protection sought.
3. If an opposing party objects to the "CONFIDENTIAL" marking, such party must in writing state its objection. Then, the party seeking the continued protection of the protective order must come forward in hearing and prove that it is entitled to the continued protection under this order.
4. Any information, writing or other material that has been marked as "CONFIDENTIAL" as set forth above and which is identified as an exhibit in connection with testimony given in this litigation, or is used or submitted to the court in connection with any filing or proceeding in this litigation, may be separately filed under seal with the clerk of the court by the party seeking protection.
5. Once information or material has been marked as "CONFIDENTIAL" as set forth above, that information or material shall be held strictly confidential, shall be used solely for the prosecution or defense of this litigation, and shall not be disclosed or discussed with anyone except as provided in this paragraph or upon the prior written consent of the party or person seeking the protection of "CONFIDENTIAL" treatment, or upon further order of this court. Any access to information or material that has been marked as "CONFIDENTIAL" shall be limited to the following persons:
a) Counsel for the respective parties (including in-house CT Page 9142 counsel and co-counsel) and legal assistants and clerical employees of such counsel who are assisting in the prosecution or defense of this litigation;
b) Experts and consultants (including independent experts and consultants) and employees or clerical assistants of such experts who are employed, retained, or otherwise consulted by counsel or by a party for the purpose of analyzing data, conducting studies, or providing opinions to assist in such litigation; and
c) All other persons who are acting to assist counsel in the prosecution or defense of this action, or who are likely to be called to give testimony on matters relating to such "CONFIDENTIAL" information or material, which persons may include the parties and the officers, employees, and agents of the parties.
6. No party given access to information protected by this protective order shall, for himself, herself, or itself make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary for the conduct of this or related litigation. Any party or other person making copies of information subject to this protective order shall keep a record of the number of copies made.
7. All such "CONFIDENTIAL" material shall be returned to the disclosing party at the conclusion of this litigation.
So ordered.
William Patrick Murray, J.